```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| SGF GLOBAL, INC. F/K/A § | | |
| FIRCROFT, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-04-4534 | |
| § | | |
| HARTFORD CASUALTY INSURANCE CO. § | | |
| and TRAVELERS CASUALTY AND § | | |
| SURETY COMPANY OF AMERICA, § | | |
| § | | |
| Defendants. § | | |

MEMORANDUM AND ORDER

Pending is Defendant Hartford Casualty Insurance Co.'s Motion for Summary Judgment (Document No. 29). After carefully considering the motion, response, and the applicable law, the Court concludes as follows:

I. Background

This insurance coverage dispute arises from an employee theft/misappropriation policy issued by Defendant Hartford Casualty Insurance Co. ("Hartford") to Plaintiff SGF Global, Inc., f/k/a Fircroft, Inc. ("Plaintiff"). Plaintiff previously had been insured against employee theft under two other policies: (1) from June 8, 2000 to June 8, 2001, by Reliance Insurance Company; and (2) from June 8, 2001 until June 8, 2002, by Defendant Travelers Casualty and Surety Company of America ("Travelers"). The

Travelers policy was an occurrence policy with an additional one-year discovery period.  The Hartford policy, which took effect on June 26, 2002, is a discovery policy covering losses sustained at any time but that are discovered during the policy period.

In the period of October to December 2002, Plaintiff discovered that Todd MacKenzie ("MacKenzie"), a Vice President and General Manager, had been misappropriating company funds for several years.  Plaintiff terminated MacKenzie's employment, filed suit against him on November 7, 2002, and notified Hartford regarding the claim and the suit.  In its proof of loss submitted to Hartford on February 21, 2003, the receipt of which Hartford acknowledged on February 26, 2003, Plaintiff claimed losses from 1999 through 2002 totaling $187,468.19.  Plaintiff also filed a claim with Travelers.

The MacKenzie lawsuit was set for mediation on October 20, 2003, and for trial on October 27, 2003.  In the meantime, Travelers on October 14th allegedly served a complaint on Plaintiff of a suit that it had filed two months earlier in Florida state court seeking declaratory judgment that the Travelers policy did not cover Plaintiff's claim.  Plaintiff then settled the MacKenzie lawsuit for $130,000, and applied $22,631.71 of that sum to its attorney's fees.  Asserting that the settlement violated its contractual right to subrogation, Hartford denied the claim in April, 2004.  Plaintiff filed this lawsuit against Hartford and

Travelers seeking damages equal to its remaining loss of $80,099.90 for breach of contract and breach of the duty of good faith under the Texas Insurance Code. Plaintiff has since settled its claims against Travelers and reduced the damages sought against Hartford to $60,250.00. Document No. 35 at 2.

Hartford moves for summary judgment, contending that: (1) Plaintiff's claims are not covered under the policy, or, alternatively, that Plaintiff impaired Hartford's right to subrogation and is therefore not entitled to coverage; and (2) Plaintiff cannot sustain its claim under the Texas Insurance Code because it has not alleged or shown an injury independent of policy benefits.

## II. Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.

Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986).  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  Id.  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  Anderson, 106 S. Ct. at 2513.

III. <u>Discussion</u>

Hartford contends that the bridge endorsement in its policy excludes nearly all of Plaintiff's claim.[1]  Document No. 29 at 4-6. Under Texas law, insurance policies are subject to the same rules of construction as other contracts.  See <u>Mid-Continent Cas. Co. v. Swift Energy Co.</u>, 206 F.3d 487, 491 (5th Cir. 2000); <u>Forbau v. Aetna Life Ins. Co.</u>, 876 S.W.2d 132, 133 (Tex. 1994).  Unless a policy term is ambiguous, the court will construe it as a matter of law.  *See* <u>Mid-Continent Cas. Co.</u>, 206 F.3d at 491; <u>Am. Mfgs. Mut. Ins. Co. v. Schaefer</u>, 124 S.W.3d 154, 157 (Tex. 2003).  If, however, the policy language is subject to more than one reasonable interpretation, ambiguity must be resolved in favor of the insured. *See* <u>Nat'l Union Fire Ins. Co. v. Hudson Energy Co.</u>, 811 S.W.2d 552, 555 (Tex. 1991); *see also* <u>TIG Specialty Ins. Co. v. Pinkmonkey.com Inc.</u>, 375 F.3d 365, 373 (5th Cir. 2004)(quoting <u>National Union</u>).

"If the term may be interpreted as a limiting term or the clause itself is an exclusionary clause, then the construction of

---

[1] Plaintiff in its response contends that Hartford has submitted no competent summary judgment evidence because its copies of the Hartford and Travelers policies and other related documents lack the required authentication, but Plaintiff has properly authenticated identical copies of nearly all these documents. Document No. 31 at ¶¶ 19, 22, 27, 50, 51; exs. A, O, P.  Because the Court considers the properly authenticated summary judgment evidence regardless of which party offers it, and Plaintiff's submissions have effectively cured the alleged defects, Plaintiff's argument is rejected.  The parties have no actual dispute over the contents of the policies.

the clause urged by the insured must be adopted as long as that construction is not unreasonable." Chen v. Metro. Ins. & Annuity Co., 907 F.2d 566, 569 (5th Cir. 1990); *accord* Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666 (Tex. 1987)(explaining that exclusions are strictly construed against the insurer). This rule applies, however, only if the provision is actually susceptible to more than one reasonable interpretation. *See, e.g.*, Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co., 99 F.3d 695, 701 (5th Cir. 1996); Puckett v. U.S. Fire Ins. Co., 678 S.W.2d 936, 938 (Tex. 1984) (declining to apply this default rule when the challenged provision was susceptible only to a single construction). Thus, an unambiguous provision "shall be enforced strictly in accordance with its terms and regardless of the harshness of the fiscal consequences to either the insurer or insured." Nat'l Union Fire Ins. Co. v. Kasler Corp., 906 F.2d 196, 199 (5th Cir. 1990); *accord* Yancey v. Floyd W. & Co., 755 S.W.2d 914, 918 (Tex. App.--Ft. Worth 1988, writ denied). "In general, an insured bears the initial burden of showing that there is coverage under an insurance policy and the insurer bears the burden of proving the applicability of an exclusion that permits it to deny coverage. Once the insurer proves the applicability of an exclusion, the burden then shifts back to the insured to demonstrate that he or she has coverage under an exception to the exclusion." Venture Encoding Serv., Inc. v. Atlantic Mut. Ins.

Co., 107 S.W.3d 729, 733 (Tex. App.--Ft. Worth 2003, pet. denied); *accord* Guaranty Nat'l Ins. Co. v. Vic Mfg. Co., 143 F.3d 192, 193 (5th Cir. 1998).

Hartford's bridge endorsement states, in pertinent part:

> If the Policy to which this endorsement is attached has *replaced similar prior insurance* written by a company other than us, and such other insurance provided a period of time to discover loss occurring prior to the termination or cancellation of that coverage, then, the OTHER INSURANCE General Condition is amended by adding the following:
>
> 3.  If a loss is discovered within the period provided by prior insurance to discover losses, we will not pay for such loss unless the amount exceeds the Limit of Insurance under your prior Policy. We will then only pay for any excess loss subject to the Insuring Agreements, Exclusions, and General Conditions of this Policy.

Document No. 31 ex. A at 1569 (emphasis added).

Plaintiff contends that the exclusion is inapplicable because the Hartford policy did not "replace[] prior similar insurance" as required by the clause. This poses two questions: first, whether the Hartford policy and the Travelers Policy provided "similar insurance," and second, whether the Hartford Policy "replaced" the Travelers policy.

A comparison of the two policies readily answers the first question, for both policies of insurance insure against the same risks. This is implicitly acknowledged by Plaintiff itself, which describes the Travelers Policy (and its predecessor policy issued

by Reliance Surety) as "employee theft/misappropriation insurance policies," Document No. 31 at 5, and describes the Hartford Policy as "employee theft/misappropriation insurance."  <u>Id.</u> at 3. Although both policies cover the same risks and are immediately recognized as "similar insurance," Plaintiff argues to the contrary because the Travelers Policy was an "occurrence-based policy" in contrast to the Hartford "discovery-based policy."  This distinction, of course, focuses upon the applicable periods of coverage and when claims must be made rather than on the actual risks for which the insurance is written.  Moreover, what constitutes "similar insurance" must be considered in the context of the bridge endorsement where the term appears, and the term in that context is susceptible to only one reasonable interpretation, namely, insurance that is written to cover the same kind of risks.

Plaintiff also argues that because there was a gap of nearly three weeks in June, 2002, between the end of the Travelers Policy and the effective date of the new Hartford Policy, that the Hartford Policy did not "replace" the Travelers Policy.  The term "replace" is not defined in the Policy and there is nothing to suggest that the parties intended the word to convey some specialized or peculiar meaning.  In ordinary parlance, the word "replace" means "to take the place of [, especially] as a substitute or successor . . . ."  WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY, 999 (1990).  A brief temporal gap such as that relied

8

upon by Plaintiff does not alter one's understanding of the word. All sorts of human and inanimate objects are routinely "replaced," such as employees, buildings, furniture, and even judges, after interludes of months or longer.  If, on June 30, 2002, Plaintiff's C.E.O. had asked his insurance manager whether Plaintiff's employee theft/misappropriation insurance policy had been replaced after the Travelers Policy was cancelled on June 8, 2002, the manager surely would have answered "yes."  Moreover, because it was replaced on June 26, 2002, by Hartford's discovery policy, the manager could assure the C.E.O. that there was no gap in coverage after the Travelers policy expired on June 8, 2002.  As a matter of law, the Hartford Policy did replace similar prior insurance written by Travelers.

The Travelers Policy had a one year discovery period after its expiration on June 8, 2002.  Plaintiff discovered its loss within Traveler's one-year discovery period, in the time frame of October to December, 2002.  The Hartford Policy's bridge endorsement excludes primary coverage for Plaintiff's losses that occurred during the term of the Travelers Policy (June 8, 2001-June 8, 2002) that were discovered by Plaintiff within one year after June 8, 2002.  With respect to those losses, Hartford's status is only as an excess insurer to Travelers.  However, with respect to losses that occurred after June 8, 2002, and discovered during the

9

effective period of the Hartford Policy, the Hartford Policy provides primary coverage.

The summary judgment evidence establishes genuine issues of material fact on Plaintiff's remaining claims against Hartford, namely, for breach of contract with respect to liability on the Hartford Policy for covered losses that occurred after June 8, 2002, Hartford's alleged failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the MacKenzie claim after Hartford's liability for at least a portion thereof became reasonably clear, including whether Plaintiff suffered extra-contractual damages, such as for any portion of the attorney's fees incurred by Plaintiff in the MacKenzie suit, all of which is inextricably intertwined with Hartford's contention that Plaintiff violated the Hartford Policy and wrongfully impeded Hartford's right of subrogation.

## IV.   Order

It is therefore ORDERED that Defendant Hartford Casualty Insurance Company's Motion for Summary Judgment (Document No. 29) is GRANTED IN PART, and it is ADJUDGED that Hartford has no liability under the Hartford Policy for Plaintiff's theft/ misappropriation losses that occurred in the period from June 8, 2001, through June 8, 2002, which were discovered by Plaintiff within one year after June 8, 2002, except to the extent, if

applicable, that such covered losses exceed the limits of insurance under Plaintiff's Travelers Policy; and Hartford's Motion for Summary Judgment is otherwise DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 5th day of February, 2007.

```
_____
          EWING WERLEIN, JR.
        UNITED STATES DISTRICT JUDGE
```